CHARLOTTE EPPS, Respondent, *v.* MAY PRICE and CHARLES C. FLAESCH, as Executors, etc., and MAY PRICE and Another, Personally, Appellants.

*Decedent's estate — contract to leave child distributive share — evidence.*

Appeal from a judgment of the Supreme Court, entered in the Otsego county clerk's office June 11, 1918.

Judgment affirmed, with costs. All concurred, except H. T. Kellogg, J., dissenting, with an opinion.

H. T. KELLOGG, J. (dissenting): Julia Makley died on the 20th day of April, 1913, leaving a last will and testament, executed on the 6th day of January, 1909, whereby she gave to her husband, George R. Makley, the life use of all her property, to her daughter Charlotte, after his death, the life use of the sum of $1,500, to her daughter May all the rest and remainder of her property. Charlotte, the plaintiff herein, unsuccessfully opposed the probate of this will, brought an action to contest probate on the ground that her mother was incompetent, met with an adverse verdict of a jury, appealed from the judgment entered thereon to this court, where the judgment was affirmed, appealed to the Court of Appeals, and again met with an affirmance of the judgment. (See 175 App. Div. 955; 221 N. Y. 573.) In order to establish the incompetency of her mother she used upon these contests the offices of the friendly Ryndes family, Helen Ryndes, her husband, James Ryndes, and her mother, Susan Ryndes, all of whom testified to irrational conduct on the part of the testatrix. After these contests were thus ended, her appetite for litigation not having been sated thereby, Charlotte brought this action, alleging that the deceased made a contract with her by which, at the death of the deceased, she was to have a full distributive share of her property. Again, she had recourse to the friendly offices of the Ryndes family. Helen Ryndes, James Ryndes and Susan Ryndes, testifying upon the trial, all stated that in September, 1892, twenty-six years prior to the giving of their testimony, the deceased came to the Ryndes household and there in their presence said to the plaintiff, who had left her mother's home, that, if she would return, she would, at deceased's death, receive her share of the property. Helen Ryndes knew that the month in which the talk was had was the month of September, because the deceased said that she had a basket of peaches to take care of, and remembered that the conversation was had in the morning. James Ryndes remembered that the month was September, in the year 1892, for the extraordinary reason that there was a very heavy thunder shower in May of that year which gullied out his property. He also remembered that the conversation was had about nine or ten o'clock in the morning; that his men were pruning berries at the time, and that his wife and the deceased were then upon the " back stoop " talking about peaches. Susan Ryndes remembered that the month was September in the year 1892, for the convincing reason that on May fourth of that year she drew her pension when there was a bad thunder storm. She remembered that the deceased came there driving a horse; that the exact hour of the conversation was between

ten and eleven o'clock. It is scarcely credible that human memory should be so perfect that it will retain for twenty-six long years knowledge of the hour, month and year when peaches are spoken of, berries are being pruned, old ladies are upon a " back stoop " talking, and will reproduce the exact words used with such detail that every element necessary to constitute a binding contract is brought to book. Extremely significant is it that, although these three members of the Ryndes family testified on the will contest that the deceased was irrational, not one of the trio then related any such conversation as they have told here. If the conversation had then been offered, no doubt of its competency could have been entertained, for it would have tended to establish that the will did not express the real intent of the testatrix. I think that the proof given here of a contract to leave to the plaintiff her share in the property of the decedent is not within the authorities sufficiently clear and convincing to establish it. (*Hamlin* v. *Stevens*, 177 N. Y. 39; *Rosseau* v. *Rouss*, 180 id. 116; *Taylor* v. *Higgs*, 202 id. 65.) The judgment should be reversed and the complaint dismissed.